## J. F. Hessling, Defendant in Error, v. Frank Petillion et al., Plaintiffs in Error.

## Gen. No. 5,826.

MORTGAGES, § 409*—*when defense of fraud and want of consideration not sustained by the evidence.*   On bill to foreclose a mortgage given by the defendants to the complainant in a transaction for an exchange of lands, the defendants filed an answer setting up fraud and want of consideration and claimed that the mortgage was executed for a loan, while the complainant claimed that it was executed as part of the consideration for the trade.   *Held* that a decree of foreclosure was sustained by the evidence, there being no evidence of fraud and it appearing from the contract for the exchange that the mortgage entered into the consideration for the trade.

Error to the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding.   Heard in this court at the October term, 1913.   Affirmed.   Opinion filed April 15, 1914.

CARL E. SHELDON, for plaintiffs in error.

R. W. E. MITCHELL and BROOKS & BROOKS, for defendant in error.

MR. PRESIDING JUSTICE WHITNEY delivered the opinion of the court.

This was a proceeding in the court below commenced by J. F. Hessling, defendant in error, hereinafter

---

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number,

styled the defendant, against Frank Petillion and Grace M. Petillion, plaintiffs in error, hereinafter styled plaintiffs, to foreclose a mortgage for $2,187.62 on Lot 4, Block 31, west of Broadway in the city of Sterling, Illinois, which mortgage was dated August 27, 1907. The plaintiffs (defendants in the court below) filed an answer to the bill setting up as a defense to the foreclosure of the mortgage, fraud and want of consideration. Issue was joined and the cause referred to the master to take proofs and report same together with his findings, which he did. Objections were made before the master and exceptions filed in the Circuit Court and overruled and a decree of foreclosure entered, on which this writ of error is prosecuted.

It appears that prior to August 20, 1907, plaintiffs were the owners of a farm of about 91.25 acres situated about one mile north of the city of Sterling, and defendant was the owner of said Lot 4. Negotiations were had between said parties for an exchange of the properties, and on August 20, 1907, a contract between the defendant and plaintiffs was drawn up by the defendant, who was a real estate dealer, by which the plaintiffs agreed to convey to defendant their farm, subject to certain mortgages aggregating about $5,840, which defendant was to assume and by which defendant agreed to convey to plaintiffs said Lot 4, and on which they were to give a first mortgage of $2,000 to defendant. Plaintiffs claim that defendant agreed to make them a loan of $2,000 on said Lot 4 and defendant claims that the $2,000 mortgage was given as a part of the consideration for the exchange. On the 27th day of August, 1907, the parties met at defendant's office, which was also the office of one Ferguson, a lawyer. Respective deeds were drawn and executed and the mortgage on Lot 4 for $2,000 was drawn by Ferguson and signed by the plaintiffs.

From the evidence taken before the master and reported to the court, it appears that on the one hand is the contract in question signed by the parties thereto

and the mortgage and note for $2,000. The oral testimony is conflicting, the plaintiffs testifying to one state of facts in regard to the contract and the defendant to another.

By the contract the defendant, who was the party of the second part therein, agreed to pay for the farm as follows: ''To assume a certain mortgage of $5,000.00 and one of $840.00 and interest from December 8, 1907, and the taxes or amount of taxes that exceeds the amount on Lot 4, Block 31, west of Broadway, Sterling, Illinois; that said second party agrees to deed to the first party, and the said first party agrees to give a first mortgage of $2,000.00 to second party on Lot 4, Block 31, west of Broadway, Sterling, Illinois, for five years, due on or before five years after date, at six per cent. of interest payable monthly.''

The only reasonable construction that can be given this contract is that the parties traded their respective holdings of real estate; the defendant was to assume the $5,840 mortgage on the farm and plaintiffs were to give a first mortgage of $2,000 to defendant on Lot 4, Block 31, all entering into the consideration for the trade. So much for the construction of the language in the contract itself. It is shown that both of the plaintiffs could read and write and understand the English language, in which this contract was drawn up. Over their signature appears the language above quoted. They must be presumed to have understood the language of that contract, unless there appears in the record evidence of fraud and circumvention in obtaining their signatures, or unless it appears that they did not read or hear read the contract when it was made and executed. It would appear from the evidence that plaintiffs are probably less versed in business ways than the defendant. It also appears that immediately after the execution of the note and mortgage they took immediate steps to avoid the effect of what they had done. It appears expressly from the evidence that no threats or intimidation was used to or against either of the plaintiffs at the time the con-

tract was signed or the note and mortgage given, although plaintiffs testify that they were threatened that if they did not sign the note and mortgage, proceedings would be commenced against them to compel them to carry out the contract. It is expressly denied by defendant that anything was said about threatening the plaintiffs to proceed against them if they did not sign the note and mortgage, nor was anything ever said by the defendant about loaning $2,000 to plaintiffs, nor does it appear anywhere in the evidence that the defendant resorted to any active fraudulent methods in procuring the signatures to either contract, or to the note and mortgage. If fraud exists it would have to be presumed, which the law does not permit. The deed of the farm from plaintiffs to the defendant did not by its terms require the defendant to assume and pay the mortgages, although he had done so by the terms of the contract. There is much in the evidence of the defendant which throws doubt around the transaction and which tends to show that plaintiffs were in fact overreached on the question of values of the respective properties. The man Ferguson died during the taking of the testimony and his testimony does not appear in the record. From what plaintiffs say of his conversation and conduct, it is possible he may have been aiding the defendant to get the contract through, or he may have been entirely honest in what he said to the plaintiffs; but plaintiffs are hardly in a position to urge anything in defense of this foreclosure proceeding unless it may be lack of consideration for the note, and on that point there is much doubt. The evidence of the defendant in that respect is corroborated by the contract itself, signed by the parties. No cross-bill was filed in this proceeding asking a cancellation of the contract or reformation of it, but to the contrary on September 2, 1907, over three years before this bill of foreclosure was filed, plaintiffs commenced a suit by filing a bill in the Circuit Court seeking to have their deed of the farm to defendant cancelled and

offering to reconvey Lot 4 to defendant. Subsequently the plaintiffs changed their form of action, transferred the case from the chancery to the law side and sued the defendant for the $2,000 which they claimed they were entitled to by virtue of the mortgage they had given defendant, and this case is still pending and undetermined.

The master had the witnesses before him and found that the mortgage should be foreclosed. The Circuit Court on hearing the exceptions to the master's report agreed with the master. Under all the circumstances we cannot come to any other conclusion than that the decree of foreclosure should be affirmed. Decree affirmed.

*Affirmed.*